United States v. Varanese
09-3803-cr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand and eleven.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                             *Appellee*,

             -v-                                           09-3803-cr

DONATO VARANESE,

                             *Defendant-Appellant*.

_____

Appearing for Appellant:     John N. Iannuzzi, New York, NY.

Appearing for Appellee:      Brenda K. Sannes, Assistant United States Attorney (Daniel C. Gardner, Assistant United States Attorney, *of counsel*), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (McCurn, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Donato Varanese ("Varanese") was convicted following a jury trial, of three counts of bulk cash smuggling in violation of 31 U.S.C. § 5332(a)(1), willfully failing to file a currency report in violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5322(a), and knowingly making a false statement to an officer of the United States regarding the amount of currency he possessed in violation of 18 U.S.C. § 1001. Varanese waived forfeiture of the currency that was confiscated in the amount of $221,994, and Judge McCurn of the United States District Court for the Northern District Court of New York, who also presided over the trial, entered an order of forfeiture. On September 3, 2009, the district court sentenced Varanese to twenty-four months of incarceration on each count to run concurrently. Varanese now appeals the first two counts of his conviction under 31 U.S.C. § 5332(a)(1) and 31 U.S.C. §§ 5316(a)(1)(A), 5322(a). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Varanese adequately preserved the sufficiency of the evidence argument for appeal by moving for a judgment of acquittal on all counts under Fed. R. Crim. P. 29(a) at the close of all the evidence. *United States v. Allen*, 127 F.3d 260, 264 (2d Cir. 1997). The district court reserved decision on the motion, and denied it after the jury returned a verdict of guilty on all counts. Our review of a district court's denial of a Rule 29 motion is de novo. *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003). A district court will grant a motion to enter a judgment of acquittal on grounds of insufficient evidence only if it concludes that no rational trier of fact could have found defendant guilty beyond a reasonable doubt. *Id.*; *see also* Fed. R. Crim. P. 29(a), (c). This same standard is applied on appeal. *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999). In ruling on the challenge, the evidence presented at trial and before us must be viewed in the light most favorable to the government, with all permissible inferences drawn in the government's favor. *Id.*

A defendant has a weighty burden in raising a successful sufficiency of the evidence challenge. The jury verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). As we noted in *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) the jury's verdict may rest entirely on circumstantial evidence. In particular, "[i]ntent may be proven through circumstantial evidence." *Guadagna*, 183 F.3d at 129.

Nevertheless, "while we defer to a jury's assessments with respect to credibility and conflicting testimony, and to its choice between the competing inferences that can be drawn from the evidence, the jury's inferences must be reasonably based on evidence presented at trial, not on speculation." *United States v. Torres*, 604 F.3d 58, 67 (2d Cir. 2010) (internal quotation marks and citation omitted). And, where "a fact to be proved is also an element of the offense," then "it is not enough that the inferences in the government's favor are permissible," but rather "[w]e must also be satisfied that the inferences are sufficiently supported to permit a rational juror to find that the element . . . is established beyond a reasonable doubt." *Martinez*, 54 F.3d at 1043.

On September 16, 2008, at around 12:30 pm, Varanese's commercial vehicle was inspected. Behind the passenger seat, a Customs and Border Protection ("CBP") officer found a black bag that held two large, sealed plastic bags containing a total of $221,994 in United States

currency, which Varanese had not reported. Varanese's central argument on appeal is that the circumstantial evidence presented by the government is insufficient to prove the requisite elements of knowledge, intent, and willfulness as required by 31 U.S.C. §§ 5316, 5322(a), and 5332.

Beginning with the violation under § 5332(a), the government must prove that Varanese (1) knowingly concealed more than $10,000 in currency in any article of luggage, merchandise, or other container; (2) attempted to transport the currency from a place within the United States to a place outside of the United States; and (3) acted with the intent to evade a currency reporting requirement under § 5316. Varanese notes that the record is devoid of any direct evidence that reveals that Varanese knew that the currency, which lies at the basis of his currency smuggling charge, was in his truck. Varanese is correct. The law, however, does not require direct evidence to prove mens rea elements such as knowledge and intent, and repeatedly recognizes that they can be proved through circumstantial evidence and the reasonable inferences that such evidence allows. *See United States v. MacPherson*, 424 F.3d 183, 189 (2d Cir. 2005); *see also Ratzlaf v. United States*, 510 U.S. 135, 149 n. 19 (1994) (explaining that "[a] jury may, of course, find the requisite knowledge on defendant's part by drawing reasonable inferences from the evidence of defendant's conduct").

As an initial matter, the evidence presented to the jury provided sufficient grounds for reasonably inferring that Varanese had knowledge that the bag of currency was in his truck. First, Varanese was the sole occupant of the truck for the entire duration of his trip to New York, and was also the driver who would typically drive that truck. *See United States v. Sicurella*, 367 F.3d 82, 87 (2d Cir. 2004) (noting that in the context of determining possession of a weapon, "[d]ominion, control, and knowledge may be inferred by a defendant's exclusive possession of the premises") (quoting *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001)). Second, there is circumstantial evidence pointing to the fact that Varanese knew the interior of the truck where the money was found rather intimately. Varanese's Department of Transportation Logbook ("DOT logbook") indicated he had inspected the truck on the morning he left for New York, and the morning before he was stopped at Port Champlain. Varanese had also removed items from behind the passenger's seat in the truck that belonged to another driver, which is *the same area* where the currency was ultimately found. A very reasonable inference the jury could have drawn from that fact is that Varanese removed those items in order to put another item in their place, that is, the black bag of currency. At the very least, removing those items would have required *looking* behind the passenger's seat and therefore would have revealed to Varanese the black bag, as it was revealed to the CBP officer who saw it sticking out of the passenger seat. The neatness surrounding the area further supports an inference that Varanese was aware of the items that occupied the area. Had his belongings been strewn all around haphazardly, a jury may have found it less likely for someone to know what was in the midst of that mess. But the jury could have reasonably concluded that the tidiness the officers noted, indicated that Varanese had knowledge of the particular area where the bag was found, including the existence of the bag itself.

Varanese's arguments to the contrary misunderstand a sufficiency of the evidence determination. Varanese argues that there was no direct evidence of his knowledge of the bag-- this argument ignores the existence, and relevance of, the circumstantial evidence. Varanese

further argues that different interpretations apply to the actions he took--this argument ignores that "it is the task of the jury, not the court, to choose among competing inferences," *Martinez*, 54 F.3d at 1043, and moreover, that according to this court, the jury ultimately chose the more plausible ones.

In *United States v. Tran*, 519 F.3d 98, 105 (2d Cir. 2008) we decided that "defendant's sole occupancy of a vehicle cannot alone suffice to prove knowledge of contraband found hidden in the vehicle." We did, however, hold that "corroborating evidence, such as nervousness, a false statement, or suspicious circumstances," in addition to sole occupancy, would be sufficient to prove the necessary knowledge. *Id.* In *Tran*, the court found that the testimony of an officer who stated that defendant was gripping the steering wheel, fidgety, and looking around nervously, amounted to corroborating evidence of nervousness; the court also found there were "suspicious circumstances" in that defendant indicated he was traveling to a casino to which he had never been to stay for a few days, but had no directions on how to get there and no change of clothing. *Id.* at 105-06.

Similar evidence was presented by the government in this case. Three different officers testified to Varanese's nervous demeanor, noting he was smoking rapidly, fidgeting with his ID, and not making eye contact with the officers. While Varanese argues that this is his normal demeanor, as he is usually in a hurry, being in a hurry is not inevitably tantamount to the appearance of nervousness; the jury heard both accounts of his behavior and could have reasonably concluded there was a difference between the two. Moreover, the officers testified that they were trained in noticing nervous behavior, not behavior that would indicate a mere hurriedness; the jury could have reasonably credited such testimony. Additionally, when Varanese was referred to a secondary inspection, he immediately stated, without being asked, that he was not the only driver of the truck. Such an unsolicited attempt to distance himself from the truck could amount to "suspicious circumstances," suggesting knowledge of something he wanted to disassociate himself from--in this case, the bag filled with U.S. currency. *See Tran*, 519 F.3d at 105. Varanese's arguments to the contrary have little force--he relies on the truth of his statement to deter from its potentially inculpatory nature, but those two are not mutually exclusive. A statement could both be true, and indicative of knowledge.

Second, "[t]o prove intent, of course, the government must show knowledge, for 'knowledge is the foundation of intent.'" *Torres*, 604 F.3d at 66 (quoting *Direct Sales Co. v. United States*, 319 U.S. 703, 711-12 (1943)). There is ample circumstantial evidence from which a rational trier of fact could reasonably, even comfortably, infer that Varanese had the requisite knowledge of the currency reporting requirement. First, Varanese told one of the other drivers during his training of the existence of the reporting requirement. Second, while asking Varanese how much money he was carrying, a CBP officer also asked Varanese whether he knew about the reporting requirement, to which Varanese answered in the affirmative. Third, during Varanese's post-arrest questioning with an Immigration and Customs Enforcement ("ICE") agent, Varanese stated that he understood the requirement to declare currency exceeding $10,000, and that he had declared money in the past. Lastly, there is evidence that Varanese crossed the border over eighty times in the past two years, which could signal an awareness of what the requirements for passing the border would be. Accordingly, when Varanese was asked by the CBP officer whether he had currency over $10,000 to report, and Varanese answered that he did not, the jury

4

could reasonably infer that Varanese concealed the $221,994 he knew was in the truck, with an intent to evade the reporting requirement.

To establish a violation under § 5322(a), willfulness is an additional required element. In order to establish that Varanese willfully failed to file a currency transaction report under §§ 5316 and 5322(a), the government had to prove that Varanese was knowingly going to transport over $10,000 in currency from the United States to Canada, and that he willfully failed to report the currency. 31 U.S.C. §§ 5316, 5332(a). The Supreme Court in *Ratzlaf* discussed the multifaceted nature of "willfulness," as "a word of many meanings" whose "construction is often influenced by its context." 510 U.S. at 141 (internal quotation marks and alterations omitted). In the context of § 5322(a), the Court noted that willfulness has been found by most courts where both "knowledge of the requirement and a specific intent to commit the crime" were present. *Id.* (internal quotation marks and alterations omitted); *see also United States v. Dichne*, 612 F.2d 632, 636 (2d Cir. 1979).

As discussed above, the circumstantial evidence could reasonably support the jury's finding that Varanese had knowledge of the currency reporting requirement. There is also sufficient evidence to support a reasonable inference that Varanese was knowingly transporting over $10,000 in U.S. currency. Looking at the totality of the circumstantial evidence, including Varanese's nervousness, his attempt to distance himself from the truck as soon as he was stopped, his intimate knowledge of its interior that was filled only with his belongings and which he had inspected the morning that he was stopped, it was reasonable for the jury to conclude that Varanese acted willfully in failing to report the $10,000. That is, a rational finder of fact could reasonably conclude that Varanese intentionally failed to report the currency he knew was in his truck, in violation of § 5322(a).

We have considered all of appellant's remaining contentions and have found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5